IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| v. | ) ) |
| MYERS COMPANY, INC., CHARLES G. MYERS, ROSANNE H. MYERS and CLIFTON R. MYERS, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR INDEMNITY AND EQUITABLE RELIEF**

COMES NOW Plaintiff Travelers Casualty and Surety Company of America ("Travelers"), by and through the undersigned counsel, and for its Complaint for Indemnity and Equitable Relief against Defendants Myers Company, Inc. (the "Principal"), Charles G. Myers, Rosanne H. Myers and Clifton R. Myers (the Principal and C.G. Myers, R. Myers and C.R. Myers collectively, the "Indemnitors") alleges as follows:

### I. PARTIES

1. Travelers is a corporation formed under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut, which is the location from which Travelers' high level officers direct, control, and coordinate Travelers' corporate activities. Travelers is duly qualified and authorized to transact business within the State of Alabama.

2. Upon information and belief, the Principal is a Tennessee corporation, with its principal place of business in the State of Tennessee. Upon information and belief, the Principal may be served with process via its Registered Agent, Cliff R. Myers at 2711 Foster Avenue,

Nashville, Tennessee 37210.

3. Upon information and belief, Charles G. Myers is a citizen of the State of Tennessee and may be served with process at 914 Percy Warner Boulevard, Nashville, Tennessee 37205.

4. Upon information and belief, Rosanne H. Myers is a citizen of the State of Tennessee and may be served with process at 914 Percy Warner Boulevard, Nashville, Tennessee 37205.

5. Upon information and belief, Clifton R. Myers is a citizen of the State of Tennessee and may be served with process at 1212 Natchez Road, Franklin, Tennessee 37069.

## II. JURISDICTION AND VENUE

6. This Honorable Court possesses original jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

7. This Honorable Court possesses the power to declare the respective rights and other legal relations of Travelers and the Indemnitors as requested herein pursuant to 28 U.S.C. § 2201(a).

8. Venue is proper in the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 123(b)(1) and 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to Travelers' claims against the Indemnitors occurred within the Middle District of Tennessee, Nashville Division and/or the Indemnitors reside within the Middle District of Tennessee, Nashville Division.

## III.  FACTUAL ALLEGATIONS

## THE INDEMNITY AGREEMENT

9. The Indemnitors executed a General Agreement of Indemnity and Security, dated January 29, 1998, in favor of Travelers (the "Indemnity Agreement").  A true and accurate copy of the Indemnity Agreement is attached hereto as **Exhibit 1**.

10. The Indemnity Agreement defines "Bond" to mean "[a]ny and all bonds, undertakings, guarantees and other instruments of suretyship which have been or which may be furnished by [Travelers] at the request of Indemnitor(s) including any Bond upon which an Indemnitor appears as Principal, alone or with others."

11. The Indemnity Agreement defines "Loss" to mean:

Any and all loss, costs, charges and expenses of any kind, sustained or incurred by [Travelers] in connection with or as a result of (1) the furnishing of any Bond (2) the enforcement of this Agreement.  Loss shall include funds provided by [Travelers] or arranged for or guaranteed by [Travelers] for the use or benefit of any Indemnitor at its request.

12. Paragraph 2 of the Indemnity Agreement provides:

Indemnitor(s) jointly and severally agree to indemnify [Travelers] from and against any and all Loss and to this end Indemnitor(s) promise:

(a) To promptly reimburse [Travelers] for all Loss and it is agreed that: (1) originals or photocopies of claim drafts or payment records kept in the ordinary course of business, including computer print-outs, verified by affidavit, shall be prima facie evidence of the fact and amount of such Loss; (2) [Travelers] shall be entitled to reimbursement for any and all disbursements made by it in good faith, under the belief that it was liable, or that such disbursement was necessary or prudent.

(b) To deposit with [Travelers] on demand the amount of any reserve against Loss which [Travelers] is required or deems it prudent to establish, whether on account of an actual liability or one which is, or may be assessed against it.

## THE BONDS AND TRAVELERS' LOSS THEREUNDER

13. In reliance on the Indemnity Agreement, Travelers issued numerous bonds on behalf of the Principal including, without limitation, (1) Subcontract Performance Bond No. 104321554 (the "Phase 1 Bond"), issued in favor of Capstone Building Corporation ("Capstone") as Obligee, in connection with two subcontracts for the performance of plumbing work on Phases 1A and 1B of a project known as of student housing at Southeastern Louisiana University in Hammond, Louisiana (the "Project"), and (2) Subcontract Performance Bond No. 104213315 (the "Phase 2 Bond") (the Phase 1 Bond and the Phase 2 Bond collectively, the "Bonds"), issued in favor of Capstone, in connection with a subcontract for the performance of plumbing work on Phase 2 of the Project.

14. Capstone asserted claims under the Bonds with respect to the performance of work by the Principal on the Project.

15. Upon information and belief, the Principal filed a Complaint against Capstone in the U.S. District Court for the Eastern District of Louisiana with respect to plumbing work installed on the Project (the "Myers Lawsuit"), which lawsuit was stayed and referred to arbitration before the American Arbitration Association (the "Myers Arbitration").

16. Upon information and belief, Capstone filed a Counterclaim against the Principal in the Myers Lawsuit/Myers Arbitration and filed a Third-Party Demand against the Principal in a separate arbitration initiated by University Facilities, Inc. (the "University Arbitration").

17. Capstone filed a Complaint against, among others, Travelers in the U.S. District Court for the Eastern District of Louisiana with respect to its claims under the Bonds (the "Surety Lawsuit").

18. Travelers tendered its defense in the Surety Lawsuit to the Principal, who retained the law firm Breazeale, Sachse & Wilson, L.L.P. (the "Law Firm") to represent the Principal in

the Myers Lawsuit, the Myers Arbitration and the University Arbitration and to represent Travelers in the Surety Lawsuit.

19. Although, upon information and belief, the Myers Lawsuit, the Myers Arbitration, the University Arbitration and the Surety Lawsuit (collectively, the "Litigation") have all been fully resolved, Travelers has paid significant legal expenses, costs and fees as a result of the Litigation and in pursuing its rights under the Indemnity Agreement.

20. Travelers' involvement in the Litigation is the direct result of liability being asserted under the Bonds. Likewise, the legal expenses, costs and fees incurred by Travelers in connection with the Litigation are the direct result of liability being asserted under the Bonds.

21. In conjunction with resolution of the Litigation, the Indemnitors requested that Travelers pay the Law Firm's outstanding legal fees and expenses incurred in connection with and as a result of the Litigation. Per the request of the Indemnitors, Travelers paid the Law Firm's fees and expenses pertaining to the Litigation in the negotiated amount of $58,941.70 in order to discharge its obligations and protect its rights under the Bonds.

22. Upon information and belief, Travelers' agreement to pay the Law Firm's outstanding fees and expenses allowed for a global resolution of the claims and defenses asserted in the Litigation. Moreover, the Principal agreed that it would reimburse Travelers for the sums paid to the Law Firm in connection with the Litigation.

23. As reflected in an Agreement Regarding Legal Expenses (the "Expense Agreement"), the Principal was obligated to repay Travelers for the Law Firm's outstanding legal expenses in accordance with a specified installment plan. A copy of the Expense Agreement is attached hereto as **Exhibit 2**.

24. The Expense Agreement provides:

> Failure by the Principal to pay any or all of the Monthly Installments or the Final Payment in accordance with the terms of this Agreement shall constitute a default hereunder, and the Full Reimbursement, plus the Additional Expenses, shall become immediately due and payable to the Surety.

25. The Principal paid Travelers the sum of $13,000 pursuant to the terms of the Expense Agreement but ultimately breached the Expense Agreement by failing to repay Travelers for the full amount of the Law Firm's outstanding legal expenses, meaning that the Principal, along with the Indemnitors, is obligated to indemnify Travelers for the balance due under the Expense Agreement *plus* Travelers' additional legal expenses, fees and costs incurred in connection with the Litigation and protecting its rights under the Indemnity Agreement.

26. Travelers remains unreimbursed in the amount of $45,941.70 with respect to the outstanding legal expenses paid to the Law Firm on behalf of and at the request of the Indemnitors. Furthermore, Travelers has incurred an *additional* $34,019.37 in expenses, fees and costs in connection with the Litigation and protecting its rights under the Indemnity Agreement.

27. Travelers has incurred net, unreimbursed fees, costs, charges and expenses in the amount of $79,961.07 as a result of furnishing the Bonds on behalf of the Principal and enforcing the terms of the Indemnity Agreement.

28. Accordingly, Travelers has sustained a net, unreimbursed "Loss," as defined in the Indemnity Agreement, in the amount of $79,961.07 for which the Indemnitors are jointly and severally obligated to indemnify Travelers pursuant to the Indemnity Agreement.

29. Because Travelers continues to incur losses and expenses for which the Indemnitors may be liable, Travelers reserves the right to seek additional damages, including losses, expenses, interest, court costs, attorneys' fees and/or professional fees, from the

Indemnitors.

30. Despite demand by Travelers, the Indemnitors have failed and/or refused to indemnify Travelers with respect to all "Loss" sustained as a result of having issued the Bonds and enforcing the Indemnity Agreement.

31. The Indemnitors have therefore breached the Indemnity Agreement by failing and/or refusing to indemnity Travelers with respect to all "Loss" sustained as a result of having issued the Bonds and enforcing the Indemnity Agreement.

## IV. CLAIMS FOR RELIEF

### COUNT I- Breach of the Indemnity Agreement

32. Travelers hereby restates the averments contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Pursuant to the Indemnity Agreement, the Indemnitors are jointly and severally obligated to indemnify Travelers from and against any and all "Loss," which is defined as any and all loss, costs, charges and expenses of any kind, sustained or incurred by Travelers in connection with or as a result of furnishing the Bonds and enforcing the Indemnity Agreement.

34. Travelers has incurred a current, net "Loss" in the amount of $79,961.07, for which Travelers has yet to be indemnified, in connection with or as a result of furnishing the Bonds and enforcing the Indemnity Agreement.

35. Moreover, Travelers continues to face exposure to incurring further "Loss," especially in connection with bringing this lawsuit to enforce the Indemnity Agreement.

36. Despite demand by Travelers, the Indemnitors have breached the Indemnity Agreement by failing and/or refusing to indemnity Travelers for all "Loss."

37. Travelers has been damaged by the Indemnitors' breach of the Indemnity Agreement in an amount no less than $79,961.07.

## COUNT II – EQUITABLE INDEMNITY, REIMBURSEMENT AND EXONERATION AGAINST THE PRINCIPAL

38. Travelers hereby restates the averments contained in Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Pursuant to a common law right of indemnification and reimbursement, Travelers is entitled to indemnification from the Principal, as the principal on the Bonds issued by Travelers, for all loss suffered by Travelers, as surety, by reason of having issued the Bonds on behalf of the Principal.

40. Therefore, the Principal is liable to Travelers for the amount of $79,961.07 for all loss suffered by Travelers by reason of having issued the Bonds on behalf of the Principal.

WHEREFORE, PREMISES CONSIDERED, Travelers prays for the following relief:

1. For the issuance of process requiring each of the Indemnitors to answer Travelers' Complaint for Indemnity and Equitable Relief;

2. For judgment against the Indemnitors, jointly and severally, in an amount exceeding the sum or value of $79,961.07 and including additional loss, attorneys' fees, costs, and expenses incurred by Travelers;

3. For judgment against the Principal in an amount necessary to indemnify Travelers for all losses and expenses incurred as a result of having issued the Bonds, said amount exceeding the sum or value of $79,961.07;

4. For such further relief, both general and specific, as may be appropriate in accordance with the nature of this cause including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

_____

Jeffrey S. Price    BPR No. 019550
Melissa J. Hughes    BPR No. 029228
MANIER & HEROD
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
jprice@manierherod.com
mhughes@manierherod.com

Attorneys for Travelers Casualty and
Surety Company of America